UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN WILLETT,

                              Plaintiff,

      v.                                          **DECISION AND ORDER**
                                                        15-CV-125S

CAROLYN W. COLVIN, *Acting
Commissioner of Social Security*,

                              Defendant.

      1.      Plaintiff John Willett challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since June 10, 2012, due to congestive heart failure, cardiomyopathy, pulmonary edema, hyperlipidemia, high cholesterol, depression, and gastroesophageal reflux disease ("GERD"). He therefore asserts that he is entitled to payment of disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits on October 11, 2012, which the Commissioner denied on January 19, 2012. On December 13, 2011, Plaintiff requested a hearing before an ALJ. ALJ Harvey Feldmeier then held a video hearing on September 13, 2013, at which time Plaintiff appeared with counsel and testified. At the time of the hearing, Plaintiff was 50 years old, with a twelfth grade education, vocational training in welding, and previous work experience as a mechanic. The ALJ considered the case *de novo*, and on September 27, 2013, issued a written decision denying Plaintiff's application for benefits. The Appeals Council denied

Plaintiff's request for review on December 19, 2014.  Plaintiff filed the current action on February 11, 2015, challenging the Commissioner's final decision.[1]

    3.    On October 2, 2015, Plaintiff filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (Docket No. 5.)  On January 28, 2016, the Commissioner filed a Motion for Judgment on the Pleadings.  (Docket No. 10.)  Plaintiff filed a reply on February 21, 2016 (Docket No. 11), at which time this Court took the matter under advisement without oral argument.  For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.

    4.    A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[1] The ALJ's September 27, 2013 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an

> impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 10, 2012, the alleged onset date (R. at 13);[2] (2) Plaintiff's hypertension, cardiomyopathy, and depressive disorder were "severe" impairments within the

---

[2] Citations to the underlying administrative record are designated as "R."

meaning of the Act (R. at 13); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 13); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R 404.1567(b), with limitations including that he can only occasionally perform postural motions, and while he can meet the mental demands of simple work, he may need supervision to complete complex tasks (R. at 14); and (5) Plaintiff is unable to perform any past relevant work as an auto mechanic because this work required at least medium lifting (R. at 17). Despite this finding, the ALJ determined that Plaintiff is not disabled because the transferability of job skills is not material to the determination of a disability when using the Medical-Vocational Rules. (R. at 18.) Ultimately, the ALJ determined that Plaintiff can perform jobs that exist in significant numbers in the national economy. (R. at 19.) Thus, Plaintiff was not under a disability as defined by the Act at any time from June 10, 2012, through the date of the ALJ's decision. (R. at 18.)

10. Plaintiff contends that (1) the ALJ's RFC assessment was not supported by substantial evidence because the ALJ did not incorporate his findings as to Plaintiff's moderate limitations in concentration, persistence, and pace, and (2) vocational expert testimony was required because Plaintiff had significant non-exertional limitations in concentration, persistence, or pace, that significantly diminished his ability to work. Each argument will be discussed in turn.

11. Plaintiff first argues that the ALJ erred by not incorporating in his RFC assessment his own findings that Plaintiff had moderate difficulties in concentration, persistence, and pace. (R. at 14.) Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error. The ALJ's decision contains an adequate discussion of Plaintiff's limitations in concentration, persistence, and pace, both identified by the ALJ and those identified by Plaintiff's treating physician. The ALJ's decision is therefore supported by substantial evidence.

12. The ALJ found that Plaintiff had moderate difficulties in concentration, persistence, and pace. (R. 14.) This finding stems directly from Dr. James Wild's conclusions. On December 6, 2012, Dr. Wild examined Plaintiff and determined "that the claimant may be somewhat limited in sustaining concentration." (R. at 15.) Dr. Wild also indicated that Plaintiff had no problems with supervisor or peer relationships. (R. at 15.) Further, on December 18, 2012, Dr. Wild diagnosed Plaintiff with an adjustment disorder, noting that Plaintiff would have mild difficulties dealing with stress, but identified no work-related limitations. (R. at 16.)

13. "[W]hile a treating physician's retrospective diagnosis is not conclusive, it is entitled to controlling weight unless it is contradicted by other medical evidence or overwhelmingly compelling non-medical evidence." Byam v. Barnhart, 336 F.3d 172, 183 (2d Cir. 2003) (internal quotation marks omitted); see Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996). After examining all relevant evidence, the ALJ explicitly adopted Dr. Wild's opinion regarding Plaintiff's mental capacity to work, since that opinion was not contradicted in the record. (R. at 17.)

14.     While courts have held that it is error when ALJ's do not incorporate moderate difficulties in maintaining concentration, persistence, or pace into an RFC assessment, see Karabinas v. Colvin, 16 F. Supp. 3d 206, 2015 (W.D.N.Y. 2014), they have also routinely found that an RFC for "simple, routine, unskilled tasks involving no more than minimal stress" accounted for moderate difficulties in concentration, persistence, or pace." See Ryan v. Astrue, 650 F. Supp. 2d 207, 217 (N.D.N.Y. 2009). Additionally, in Crawford v. Astrue, the court held that the ALJ's limitation of jobs that required the plaintiff to "understand, remember, and carry out simple instructions" accounted for his moderate limitations in maintaining concentration, persistence, and pace. 13-CV-6068P, 2014 WL 4829544 at *23 (W.D.N.Y. Sept. 29, 2014).

15.     Simple work has been defined as the ability to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. Social Security Ruling ("SSR") 85-15. Therefore, because the ALJ concluded that Plaintiff could "meet the mental demands of simple work but may need supervision for completing complex tasks," the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. (R. at 14.) This adequately accounts for the ALJ's own findings under the relevant case law.

16.     Contrary to Plaintiff's argument, the ALJ's RFC does not conflict with the abundant medical evidence available in the record. As previously discussed, the ALJ adopted Dr. Wild's medical opinion concerning Plaintiff's capacity for the mental requirements of work. (R. at 17.) Further, the ALJ's determination comports with Dr. Wild's treating notes in that the ALJ limited Plaintiff to "simple work."

17. Plaintiff next argues that the ALJ erred by failing to call a vocational expert, because Plaintiff had significant non-exertional limitations in concentration, persistence, or pace, that significantly diminished his ability to work. Further, Plaintiff argues that the ALJ erred by relying on the Medical Vocational Guidelines.

18. An ALJ must obtain the testimony of a vocational expert only where a claimant's work capacity is *significantly diminished* by her nonexertional limitations. Bapp v. Bowen, 802 F. 2d 601, 603 (2d Cir. 1986) (emphasis added). "Significantly diminished" has been defined by the Second Circuit to mean a loss of work capacity that "so narrows a claimant's possible range of work as to deprive him of meaningful employment opportunity." Id. Consequently, the "mere existence of a nonexertional impairment does not automatically . . . preclude reliance on the guidelines." Id. at 603.

19. Plaintiff's nonexertional limitations do not significantly diminish his capacity to work. Rather, the Medical-Vocational Guidelines provide that if the claimant has a residual functional capacity to perform light work, as in this case, a "finding of 'not disabled' would be directed by Medical-Vocational Rule 202.14 . . . [h]owever, the additional mental limitations to the full range of simple work has little or no effect on the occupational base of unskilled light work." (R. at 18.)

20. Further, the assessments of Plaintiff's mental condition demonstrate that Plaintiff retained the capacity to perform unskilled work. (R. at 14-16.) Unskilled light work requires the ability to understand, remember, and carry out simple instructions, make simple decisions, respond appropriately to supervision, co-workers, and the usual work situation, and deal with changes in the usual work situation. SSR 96-9p, 1996 WL 374185, at *9 (1996). Both Dr. Wild and Dr. Ryan reported that Plaintiff was capable of

understanding, remembering, and carrying out instructions, could respond appropriately to supervisors and co-workers, and could adequately deal with changes in the work setting. (R. at 14-16.) Therefore, the record supports the finding that Plaintiff's non-exertional limitations did not significantly diminish his capacity to perform light work. The ALJ's determination that vocational expert testimony was not necessary was proper.

21. Additionally, the ALJ properly relied on the Medical Vocational Guidelines instead of vocational expert testimony. The Medical Vocational Guidelines direct a conclusion of either "disabled" or "not-disabled" if the claimant can perform all or substantially all of the exertional demands at a given level of exertion. Consequently, the Medical Vocational Guidelines are controlling where the findings of fact on the given factors are the same as the rule. 20 C.F.R. § 404.1569.

22. The ALJ considered Plaintiff's residual functional capacity, age, education, and work experience in comparison to the Medical Vocational Guidelines to determine that Plaintiff was not disabled under Rule 202.14. The ALJ determined that Plaintiff was limited to light work, had graduated from high school, and had prior work experience involving skilled or semi-skilled work. (R. at 14, 17.) The ALJ's decision was therefore proper, because the Plaintiff's mental condition did not inhibit his ability to perform unskilled work, which includes carrying out simple instructions, dealing with work changes, and responding to supervision. (R. at 14-16.)

23. Additionally, Plaintiff argues that not only was vocational expert testimony necessary, but the ALJ also failed to define Plaintiff's nonexertional limitations in an objective form. This argument is without merit. Although Plaintiff cites Reynolds v. Colvin for support, the Commissioner in that case determined that the claimant had a

9

moderate functional limitation, warranting vocational expert testimony. Civ. A. No. 3:13–cv–396 (GLS/ESH), 2014 WL 4184729, at *3, *5 (N.D.N.Y. Aug. 21, 2014). Here, vocational expert testimony was not necessary, since Plaintiff had only minimal limitations. Further, as noted by Defendant, there are no cases, statutes, or regulations that require an ALJ to make findings of non-exertional limitations in an objective form. Thus, while vocational experts have testified as to claimants' respective abilities to remain on task during the workday, see Reynolds, 2014 WL 4184729 at *2 (claimant was found to have substantial impairments from "degenerative disc disease of the lumbar spine, status post coronary bypass surgery, bipolar disorder, and affective disorder with substance abuse."); Brown v. Comm'r Soc. Sec., No. 13 Civ. 827(JMF)(GWG), 2014 WL 783565 (S.D.N.Y. Feb. 28, 2014), the record demonstrates that Plaintiff's non-exertional impairments did not require vocational expert testimony.

24. After carefully reviewing the administrative record, this Court finds no error in the ALJ's determination. The ALJ's decision adequately addressed Plaintiff's limitations in concentration, persistence, and pace and was therefore supported by substantial evidence. Similarly, vocational expert testimony was not required because Plaintiff did not have any non-exertional limitations that significantly diminished his ability to work. This Court will therefore grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion for the same relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

Case 1:15-cv-00125-WMS   Document 12   Filed 11/07/16   Page 11 of 11

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 5) is DENIED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 4, 2016
       Buffalo, New York

                                      <u>/s/William M. Skretny</u>
                                      WILLIAM M. SKRETNY
                                   United States District Judge